IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yogeshkumar Jashbhai Patel, ) | C/A No.: 7:26-879-DCC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Kristi Noem, Todd D. Lyons, and ) | |
| Field Office Director, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the motion of Yogeshkumar Jashbhai Patel ("Plaintiff") for a temporary restraining order ("TRO"), pursuant to Fed. R. Civ. P. 65, preventing Kristi Noem, Todd D. Lyons, and the Charleston, South Carolina Field Office Director (collectively "Defendants") from arresting, detaining, or removing Plaintiff from the United States when he appears for a biometrics appointment scheduled on March 6, 2026, and while his immigration matters remain pending.

## BACKGROUND

Plaintiff is a Canadian citizen and a resident of Pacolet, South Carolina. [ECF Nos. 1 at 1 and 2-1 at 2]. He alleges he has resided in the United States since 2019. [ECF No. 2-1 at 3]. He states he filed an Immigrant Petition by Standalone Investor ("Form I-526") that was approved by USCIS on May 24, 2022. *Id.* He claims he subsequently filed an Application to Register

Permanent Residence ("Form I-485") on September 30, 2022, that was denied on November 24, 2025.[1] *Id.* He states that on January 14, 2026, USCIS issued a Notice to Appear ("NTA") before a U.S. Department of Justice ("DOJ") immigration judge for proceedings under Immigration and Nationality Act § 240 (8 U.S.C. § 1229a) in connection with the denial of Form I-485. *Id.* Plaintiff notes he subsequently filed a Petition for a Nonimmigrant Worker ("Form I-129") on January 20, 2026, that remains pending. *Id.* at 1.

Plaintiff states he is scheduled to appear for a biometrics appointment related to the pending I-129 application on March 6, 2026. [ECF No. 1 at 4]. He fears that because he has already received an NTA, he will be arrested or detained during this appointment and will be unable to continue to pursue his I-129 application. [ECF No. 2-2 at 1]. He attached to his motion a notice advising him to appear for biometrics submission at "USCIS GREER" in Greer, South Carolina, on March 6, 2026, at 1:00 PM. [ECF No. 2-3 at 4].

## APPLICABLE LAW

A TRO is a drastic remedy that serves an exceedingly narrow purpose. It exists only to preserve the *status quo* until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422

---

[1] Plaintiff attached the NTA to his motion. [ECF No. 2-3]. It provides that Plaintiff is subject to removal because he has "remained in the United States for a time longer than permitted," in violation of Section 237(a)(1)(B) of the Immigration and Nationality Act.

(4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)). The standard for granting a request for a TRO and entering a preliminary injunction are identical. *See, e.g., Sauer-Danfoss (US) Co. v. Nianzhu Luo*, C.A. No. 8:12-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (citing *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for TRO)). For such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four requirements must be satisfied. *Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010).

## ANALYSIS

Plaintiff urges the Court to issue a TRO, as he argues all four of the *Winter* factors are met. He asserts this court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 702, the Fifth Amendment, and Fed. R. Civ. P. 65(b).

Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statutes." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any case or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." This provision applies only to the Attorney General's "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders." *Briceno Salano v. Mason*, _ F. Supp. 3d _, 2026 WL 311624, at *6 (S.D.W.V. Feb. 4, 2026) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

In addition, pursuant to 5 U.S.C. § 704:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on review of the final agency action . . . .

Judicial review of final agency actions in removal proceedings is vested exclusively in the circuit courts of appeals. *See* 8 U.S.C. § 1252(b)(9).

Here, Plaintiff has received an NTA, which commences removal proceedings, *see* 8 U.S.C. § 1229(a), but there has been no final agency action on his removal. The court is without jurisdiction to review USCIS's decision to commence proceedings and, in the absence of a final agency decision on his

4

removal, issues related to the removal proceedings are not ripe for judicial review. In addition, if the USCIS were to order Plaintiff's removal, this court could not intervene, as only the circuit courts of appeals may review removal decisions. *See* 8 U.S.C. § 1252(b)(9).

Pursuant to 8 U.S.C. § 1226(a): "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Therefore, the law allows for Plaintiff to be detained while removal proceedings are ongoing, provided he is arrested "[o]n a warrant issued by the Attorney General." Given the statutory language and the jurisdictional constraints discussed above, the court lacks authority to enjoin Defendants from arresting Plaintiff.

Nevertheless, district courts "maintain jurisdiction over habeas corpus challenges to present immigration confinement." *Briceno Solano*, 2026 WL 311624, at *6 (citing *Webster v. Doe*, 486 U.S. 592, 603 (1988)). Consequently, multiple courts have recently provided injunctive relief on writs of habeas corpus brought by noncitizens residing in the United States who have been detained without bonds. *See, e.g., Briceno Solano*, 2026 WL 311624; *Alvarez Ortiz v. Freden*, _ F. Supp. 3d _, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025), *Romero v. Hyde*, 795 F. Supp. 3d 271 (D. Mass. 2025). Here, Plaintiff has not brought a petition for a writ of habeas corpus and it would be futile for him to do so because he is not currently in custody.

Even if the court had subject-matter jurisdiction over Plaintiff's claim, a TRO is not indicated because Plaintiff has not shown he is likely to suffer irreparable harm in the absence of preliminary relief. He speculates that because he has received an NTA, "appearing for biometrics may expose him to detention." [ECF No. 2 at 2]. He notes: "Recent reports indicate increased enforcement actions at USCIS biometrics appointments, including instances where individuals have been detained during routine appearances." [ECF No. 2-1 at 4]. However, Plaintiff references no information that would support a conclusion that he will be detained at the biometrics appointment. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 375–76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Therefore, Plaintiff has not satisfied all four *Winter* factors and is not entitled to injunctive relief.

## CONCLUSION

Because the court appears to lack subject-matter jurisdiction over Plaintiff's claim and because Plaintiff has not shown he is likely to suffer irreparable harm in the absence of preliminary relief, the Court denies Plaintiff's motion for a TRO enjoining Defendants from arresting, detaining, or removing him.

**IT IS SO ORDERED.**

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 5, 2026
Spartanburg, South Carolina