IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Yogeshkumar Jashbhai Patel, | ) | C/A No.: 7:26-879-DCC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Kristi Noem, Todd D. Lyons, and | ) | |
| Field Office Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Yogeshkumar Jashbhai Patel ("Plaintiff"), proceeding pro se, filed a complaint against Kristi Noem, Todd D. Lyons, and the Charleston, South Carolina Field Office Director (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint without issuance and service of process for lack of subject-matter jurisdiction.

I.    Procedural and Factual Background

Although Plaintiff's complaint contains little detail, additional information appears in his emergency motion for a TRO [ECF No. 2].

Plaintiff alleges he is a Canadian citizen and a resident of Pacolet, South Carolina, who has resided in the United States since 2019. [ECF Nos. 1 at 1

and 2-1 at 2, 3]. He states he filed an Immigrant Petition by Alien Investor ("Form I-526") on November 19, 2019, that was approved by USCIS on May 24, 2022. [ECF No. 2-1 at 3]. He maintains he filed an Application to Register Permanent Residence ("Form I-485"), on September 30, 2022, that was denied on November 24, 2025.[1] *Id.* He states that on January 14, 2026, USCIS issued a Notice to Appear ("NTA") in connection with the denial of Form I-485. *Id.* Plaintiff notes he subsequently filed a Petition for a Nonimmigrant Worker ("Form I-129") on January 20, 2026. *Id.* at 1.

Plaintiff states he is scheduled to appear for a biometrics appointment related to the pending I-129 application on March 6, 2026. [ECF No. 1 at 4]. He expresses concern that he will be arrested and unable to continue to pursue his I-129 application if he appears for this appointment, as he has already received an NTA and has heard of other immigrants being arrested during similar appointments. [ECF No. 2-2 at 1]. His sole request is that the court issue a temporary restraining order ("TRO") preventing Defendants from arresting, detaining, or removing him from the United States when he appears for the biometrics appointment and while his I-129 application is pending. [ECF No. 1 at 4].

---

[1] The NTA Plaintiff attached to his motion states he is subject to removal because he has "remained in the United States for a time longer than permitted," in violation of Section 237(a)(1)(B) of the Immigration and Nationality Act. [ECF No. 2-3].

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the complaint. Pro se actions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Even when a filing fee is paid, the court possesses the inherent authority to ensure that plaintiffs have standing, that federal jurisdiction exists, and that the case is not frivolous. *See Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are

subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction").

B.     Analysis

Plaintiff asserts this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 702, the Fifth Amendment, and Fed. R. Civ. P. 65(b).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statutes." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Plaintiff invokes the court's subject-matter jurisdiction pursuant to the Constitution and provisions of federal law, but he fails to recognize that Congress has significantly limited the district courts' jurisdiction in immigration matters. Generally, federal district courts have jurisdiction over

4

"all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. However, in 2005, pursuant to the REAL ID Act, Congress "amended section 242(a)(2) of the [Immigration and Nationality Act of 1952 ("INA")] to eliminate habeas corpus jurisdiction [in district courts] over removal orders for any alien." *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 667 (E.D. Va. 2020). Section 242(a)(5) of the INA states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5). Thus, "INA § 242 now requires that an appeal of a removal order be filed directly with the courts of appeals through a petition for review." *Joshua M.,* 439 F. Supp. 2d at 667 (citing 8 U.S.C. § 1252(a)(1)).

With few exceptions that do not apply here, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).[2] While the law allows for judicial review of

---

[2] "The Supreme Court has long made clear that section 1252(g) does not apply 'to *all* claims arising from deportation proceedings.'" *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *6 (S.D.W. Va. Feb. 4, 2026) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482, 119 S.Ct.

"agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court," only the circuit courts of appeals may conduct such review and only over final agency actions in removal proceedings. *See* 5 U.S.C. § 704; 8 U.S.C. § 1252(b)(9).

Plaintiff requests that the court enjoin Defendants from arresting, detaining, or removing him. USCIS has already initiated proceedings to remove Plaintiff pursuant to its issuance of the NTA. *See* 8 U.S.C. § 1229(a). This court lacks jurisdiction over that decision pursuant to 8 U.S.C. § 1252(g). It cannot enjoin Defendants from arresting or detaining Plaintiff, "as arrests and detentions pending a decision on whether [a noncitizen] is to be removed from the United States" are specifically permitted under 8 U.S.C. § 1226(a). This court also lacks jurisdiction to prevent Defendants from removing Plaintiff, as there is no final order removing him, and only the courts of appeals have jurisdiction to review final orders of removal. In light of the foregoing, this court cannot exercise jurisdiction to grant Plaintiff the relief he requests.

---

936, 142 L.Ed.2d 940 (1999) (emphasis added). "Rather, '[t]he provision applies only to three discrete actions that the Attorney General may take,' namely the Attorney General's 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* (emphasis in original). Consequently, district courts "maintain jurisdiction over habeas corpus challenges to present immigration confinement." *Briceno Solano*, 2026 WL 311624, at *6 (citing *Webster v. Doe*, 486 U.S. 592, 603 (1988)). However, because Plaintiff is not currently subject to immigration confinement, the court may not exercise its remaining habeas corpus jurisdiction.

III.    Conclusion

For the foregoing reasons, the undersigned recommends the court dismiss the complaint without prejudice and without issuance and service of process for lack of subject-matter jurisdiction.

IT IS SO RECOMMENDED.

March 5, 2026                              Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).